# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

BRANDON LEE MILLER,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES,
LLC, et.al.

    Defendants.

Case No.:  1:26-cv-00157-JB-N

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Equifax Information Services LLC ("Equifax"), by and through its undersigned counsel, files its Answer to Plaintiff's Complaint ("Complaint") as follows:

## PRELIMINARY STATEMENT

Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## INTRODUCTION

1.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2.    Equifax denies the allegations as stated in the last sentence of Paragraph 2. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2.

3. Equifax admits that it is a consumer reporting agency as that term is defined in the FCRA. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3.

4. Equifax admits that it is a consumer reporting agency ("CRA") and that it at times prepares and transmits consumer reports for users with a permissible purpose. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4.

5. Equifax states that the FCRA speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the FCRA, the allegations in Paragraph 5 are denied.

6. Equifax states that the referenced legal authority speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the referenced legal authority, the allegations in Paragraph 6 are denied.

7. Equifax states that the FCRA speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the FCRA, the allegations in Paragraph 7 are denied.

8. Equifax states that the FCRA and referenced legal authority speak for themselves. To the extent Plaintiff misquotes, misstates, or takes out of context the FCRA or referenced legal authority, the allegations in Paragraph 8 are denied.

9.     Equifax states that the referenced legal authority speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the referenced legal authority, the allegations in Paragraph 9 are denied.

10.     Equifax states that the FCRA speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the FCRA, the allegations in Paragraph 10 are denied.

11.     Equifax states that the FCRA speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the FCRA, the allegations in Paragraph 11 are denied.

12.     Equifax states that the FCRA speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the FCRA, the allegations in Paragraph 12 are denied.

13.     Equifax states that the FCRA speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the FCRA, the allegations in Paragraph 13 are denied.

14.     Equifax denies the allegations as stated in Paragraph 14.

15.     Equifax denies the allegations as stated in Paragraph 15.

16.     Equifax denies the allegations as stated in Paragraph 16.

17.    Equifax states that the referenced legal authority speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the referenced legal authority, the allegations in Paragraph 17 are denied.

18.    Equifax states that the referenced legal authority speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the referenced legal authority, the allegations in Paragraph 18 are denied.

19.    Equifax denies the allegations as stated in Paragraph 19.

20.    Equifax states that the referenced legal authority speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the referenced legal authority, the allegations in Paragraph 20 are denied.

21.    Equifax denies the allegations as stated in Paragraph 21.

22.    Equifax denies the allegations as stated in Paragraph 22.

23.    Equifax states that lawsuits speak for themselves. To the extent Plaintiff misquotes, misstates, or takes out of context any lawsuit(s), the allegations in Paragraph 23 are denied.

24.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.    Equifax states that the referenced legal authority speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the referenced legal

authority, the allegations in Paragraph 25 are denied. Equifax denies the remaining allegations in Paragraph 25.

26.   Equifax states that the referenced legal authority speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the referenced legal authority, the allegations in Paragraph 26 are denied. Equifax denies the remaining allegations in Paragraph 26.

27.   Equifax states that the referenced legal authority speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the referenced legal authority, the allegations in Paragraph 27 are denied. Equifax denies the remaining allegations in Paragraph 27.

28.   Equifax states that the referenced legal authority speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the referenced legal authority, the allegations in Paragraph 28 are denied. Equifax denies the remaining allegations in Paragraph 28.

29.   Equifax states that the referenced legal authority speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the referenced legal authority, the allegations in Paragraph 29 are denied.

30.   Equifax denies the allegations as stated in Paragraph 30.

31.   Equifax denies the allegations as stated in Paragraph 31.

32.   Equifax denies the allegations as stated in Paragraph 32.

33.     Equifax denies the allegations as stated in Paragraph 33.

34.     Equifax denies the allegations as stated in Paragraph 34.

35.     Equifax admits that Plaintiff brings claims under the FCRA but denies that it violated the FCRA.

36.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37.     Equifax admits that Plaintiff seeks damages but denies that Plaintiff is entitled to any relief from Equifax.

## **PARTIES**

38.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39.     Equifax admits the allegations in Paragraph 39.

40.     Responding to the allegations in Paragraph 40, Equifax admits that it is a consumer reporting agency as defined by the FCRA and, at times, it engages in the business of assembling, evaluating, and disbursing consumer reports to third-parties.

41.     Equifax admits that it collects and maintains information regarding consumers.  Equifax denies the remaining allegations as stated in Paragraph 41.

42.     Equifax denies the allegations as stated in Paragraph 42.

43.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

## JURISDICTION AND VENUE

45.     Responding to the allegations in Paragraph 45, Equifax admits that this Court has jurisdiction over this matter.  Equifax denies that it violated the FCRA.

46.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

## SUMMARY OF THE FAIR CREDIT REPORTING ACT

47.     Equifax states that the FCRA speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the FCRA, the allegations in Paragraph 47 are denied.

48.     Equifax states that the FCRA speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the FCRA, the allegations in Paragraph 48 are denied.

49.     Equifax states that the FCRA speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the FCRA, the allegations in Paragraph 49 are denied.

50.     Equifax states that the FCRA speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the FCRA, the allegations in Paragraph 50 are denied.

51.     Equifax states that the FCRA speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the FCRA, the allegations in Paragraph 51 are denied.

52.     Equifax states that the FCRA speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the FCRA, the allegations in Paragraph 52 are denied.

## DEFENDANT'S PROCESSING OF CREDIT INFORMATION

53.     Equifax admits it obtains consumer information from various sources.

54.     Equifax admits the allegations in Paragraph 54.

55.     Equifax admits the allegations in Paragraph 55.

56.     Equifax admits that it receives and stores information electronically but otherwise denies the allegations as stated in Paragraph 56.

57.     Equifax admits the allegations in Paragraph 57.

58.     Equifax denies the allegations as stated in Paragraph 58.

59.     Equifax admits the allegations in Paragraph 59.

60.     Equifax admits that consumer credit files are at times updated electronically by data furnishers.

## DEFENDANT EQUIFAX'S MIXED FILE PROBLEM

61.     Equifax admits the allegations in Paragraph 61.

62.     Equifax admits the allegations in Paragraph 62.

63.     Equifax admits the allegations in Paragraph 63.

64.     Equifax admits the allegations in Paragraph 64.

65.     Equifax admits the allegations in Paragraph 65.

66.     Equifax admits the allegations in Paragraph 66.

67.     Equifax denies the allegations as stated in Paragraph 67.

68.     Equifax denies the allegations as stated in Paragraph 68.

69.     Equifax denies the allegations as stated in Paragraph 69.

70.     Equifax denies the allegations as stated in Paragraph 70.

71.     Equifax denies the allegations as stated in Paragraph 71.

72.     Equifax denies the allegations as stated in Paragraph 72.

73.     Equifax denies the allegations as stated in Paragraph 73.

74.     Equifax denies the allegations as stated in Paragraph 74.

75.     Equifax denies the allegations as stated in Paragraph 75.

## FACTUAL ALLEGATIONS

### Plaintiff's Mixed Credit File History

76.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76.

77.     Equifax admits that it has received disputes regarding Plaintiff's credit file but states that each consumer dispute speaks for itself. To the extent Plaintiff

misquotes, misstates, or takes out of context the contents of any consumer dispute, the allegations are denied.

78. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

79. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79.

80. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80.

81. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81.

82. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82.

83. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84.

**Plaintiff Contacts Synchrony Bank**

85.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85.

86.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

88.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88.

89.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89.

90.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90.

91.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.

92.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.

93.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93.

94.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94.

95. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95.

96. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96.

97. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97.

98. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98.

**Plaintiff Disputes Synchrony Account Second Time with Experian**

99. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100.

101. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101.

102. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102.

103. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103.

104.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104.

### Plaintiff's Third Dispute with Experian about the Synchrony Bank/Ashley Homestore

105.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105.

106.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106.

107.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107.

108.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108.

109.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109.

110.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110.

### Plaintiff's Mixed Equifax Credit File

111.   Equifax states that each consumer report speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context any consumer report, the allegations in Paragraph 111 are denied.

112.   Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112.

113.   Equifax states that each consumer report speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context any consumer report, the allegations in Paragraph 113 are denied.

114.   Equifax states that each consumer report speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context any consumer report, the allegations in Paragraph 114 are denied.

115.   Equifax denies the allegations as stated in Paragraph 115.

### Plaintiff's December 15, 2025 Dispute to Defendant

116.   Equifax admits that it has received disputes regarding Plaintiff's credit file but states that each consumer dispute speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the contents of any consumer dispute, the allegations are denied.

117.   Equifax states that each consumer dispute speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the contents of any consumer dispute, the allegations are denied.

118. Equifax states that each consumer dispute speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the contents of any consumer dispute, the allegations are denied.

## Defendant's Unreasonable Dispute Reinvestigation

119. Equifax admits that it has received disputes regarding Plaintiff's credit file but states that consumer disputes speak for themselves. To the extent Plaintiff misstates, misquotes, or takes out of context any dispute, the allegations in Paragraph 119 are denied.

120. Equifax admits the allegations in Paragraph 120.

121. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121.

122. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122.

123. Equifax states that each consumer report speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context any consumer report, the allegations in Paragraph 123 are denied.

124. Equifax states that each consumer report speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context any consumer report, the allegations in Paragraph 124 are denied.

125. Equifax denies the allegations in Paragraph 125.

126.  Equifax denies the allegations in Paragraph 126.

127.  Equifax denies the allegations in Paragraph 127.

128.  Equifax denies the allegations in Paragraph 128.

## The Credit Bureaus' Method for Considering Consumer Credit Disputes

129.  Equifax states that the FCRA speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the FCRA, the allegations in Paragraph 129 are denied.

130.  Equifax admits that it utilizes e-OSCAR.

131.  Equifax admits the allegations in Paragraph 131.

132.  Equifax admits the allegations in Paragraph 132.

133.  Equifax admits the allegations in Paragraph 133.

134.  Equifax admits the allegations in Paragraph 134.

135.  Equifax admits the allegations in Paragraph 135.

136.  Equifax admits the allegations in Paragraph 136.

137.  Equifax admits that it utilizes a system to prepare and send ACDVs to data furnishers but denies that the ACDV process is fully automated.

138.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138.

139.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139.

**Defendant Synchrony's Unreasonable Dispute Investigation September 2024, October 2024, and December 2025**

140. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140.

141. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141.

142. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142.

## PLAINTIFF'S DAMAGES

143. Equifax denies the allegations in Paragraph 143.

144. Equifax denies that it has failed to comply with its obligations under the FCRA. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 144.

145. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145.

146. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146.

147. Equifax denies the allegations in Paragraph 147.

148. Equifax denies the allegations in Paragraph 148.

149. Equifax denies the allegations in Paragraph 149.

150. Equifax denies the allegations in Paragraph 150.

## CLAIMS FOR RELIEF
### COUNT I
### 15 U.S.C. §1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy
### (First Claim for Relief Against Defendant Equifax)

151. Equifax reasserts and re-alleges its responses and defenses as set forth herein.

152. Equifax states that the FCRA speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the FCRA, the allegations in Paragraph 152 are denied.

153. Equifax denies the allegations in Paragraph 153.

154. Equifax denies the allegations in Paragraph 154.

155. Equifax denies the allegations in Paragraph 155.

156. Equifax denies the allegations in Paragraph 156.

157. Equifax denies the allegations in Paragraph 157.

158. Equifax denies the allegations in Paragraph 158.

### COUNT II
### 15 U.S.C. §1681i
### Failure to Perform a Reasonable Reinvestigation
### (Second Claim for Relief Against Defendant Equifax)

159. Equifax reasserts and re-alleges its responses and defenses as set forth herein.

160. Equifax states that the FCRA speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the FCRA, the allegations in Paragraph 160 are denied.

161. Equifax states that the FCRA speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the FCRA, the allegations in Paragraph 161 are denied.

162. Equifax states that each consumer dispute speaks for itself. To the extent Plaintiff misquotes, misstates, or takes out of context the contents of any consumer dispute, the allegations are denied.

163. Equifax denies the allegations in Paragraph 163.

164. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164.

165. Equifax denies the allegations in Paragraph 165.

166. Equifax denies the allegations in Paragraph 166.

167. Equifax denies the allegations in Paragraph 167.

168. Equifax denies the allegations in Paragraph 168.

**COUNT III**
**15 U.S.C. §1681s-2b**
**Failure to Conduct an Investigation of the Disputed Information and Review of all**

**Relevant Information Provided by the Consumer**
**(First Claim for Relief Against Defendant Synchrony)**

169.   Equifax reasserts and re-alleges its responses and defenses as set forth herein.

170.   Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170.

171.   Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171.

172.   Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172.

173.   Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173.

174.   Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174.

## **PRAYER FOR RELIEF**

175.   Equifax denies that Plaintiff is entitled to any relief sought in the paragraphs contained in her Prayer for Relief.

Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby expressly denied.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)    Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff; and

(2)    It recovers such other and additional relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Equifax admits that Plaintiff demands a jury trial.

Respectfully submitted this June 16, 2026.

/s/Joseph D. Steadman, Jr.
Joseph D. Steadman, Jr.
Jones Walker LLP
11 N. Walker Street, Suite 1200
Mobile, AL 36602
Tel:  (251) 439-7534
Fax: (251) 439-7392
Email:  jsteadman@joneswalker.com
*Attorney for Defendant Equifax Information Services LLC*

## CERTIFICATE OF SERVICE

This is to certify that I have this June 16, 2026, electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jenna Dakroub
Consumer Justice Law Firm PLC
16130 Ventura Blvd., Suite 300
Encino, CA 91436
602-807-1525
Fax: 718-715-1750
Email: jdakroub@consumerjustice.com
*Attorney for Plaintiff*

Gilbert Calvin Steindorff , IV
Reynolds, Reynolds & Little, LLC
2100 Southbridge Parkway
Suite 228
Birmingham, AL 35209
205-407-5203
Email: gcsiv@rrllaw.com
*Attorney for Synchrony Bank*

/s/ *Joseph D. Steadman Jr.*
Joseph D. Steadman Jr.

- 22 -